UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN ACEVEDO, | ) CASE NO. CV 11-403-DMG (PJW) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE DISMISSED |
| FRANCISCO QUINTANA, | ) |
| Respondent. | ) |

On January 13, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, challenging 2008 convictions for first degree murder and assault with a deadly weapon, for which he received a 36-years-to-life prison sentence. (Petition at 2.) In the Petition, he claims that he received ineffective assistance of counsel and that the evidence was insufficient to sustain his convictions. (Petition at 5-6.) Petitioner indicates in the Petition, however, that he has not exhausted either claim by presenting them to the state supreme court. (Petition at 5-6.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the

petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

  In his Petition, Petitioner acknowledges that he has not presented his ineffective assistance of counsel claim for relief to the California Supreme Court--or any California appellate court, for that matter. On the other hand, a check by the Court reveals that Petitioner raised several insufficient evidence claims on direct appeal in the California Court of Appeal. *See People v. Acevedo*, 2009 WL 2960868 (Cal. App. 2d Dist. Sept. 17, 2009). Further, a check of the California Appellate Courts' website shows that Petitioner filed a Petition for Review that may have presented his insufficient evidence claim, which was denied by the California Supreme Court on December 2, 2009. Thus, at this stage the Court cannot tell whether the Petition is completely unexhausted and subject to dismissal on that basis. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

1        IT IS THEREFORE ORDERED that, no later than February 18, 2011,
2   Petitioner shall inform the Court in writing why this case should not
3   be dismissed for failure to exhaust.  Failure to timely file a
4   response will result in a recommendation that this case be dismissed.

6        DATED: January 19, 2011.

                                        /s/ Patrick J. Walsh
9                                       _____
                                        PATRICK J. WALSH
                                        UNITED STATES MAGISTRATE JUDGE

28  S:\PJW\Cases-State Habeas\ACEVEDO, J 403\OSC dismiss pet.wpd